# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL A. RIVERA,<br><br>             Petitioner,<br><br>   v.<br><br>LOS ANGELES COUNTY SUPERIOR COURT, et al.,<br><br>             Respondents. | Case No. CV 16-6935 FMO (AFM)<br><br>**ORDER DISMISSING PETITION WITH LEAVE TO AMEND** |

      Petitioner, a state prisoner currently incarcerated at the North Kern State Prison in Delano, California, filed a document entitled "Petition for Review/Overrule" on September 15, 2016. It appears that petitioner is trying to file a Petition for Writ of Habeas Corpus by a Person in State Custody (28 U.S.C. § 2254).

      The Court's review of petitioner's filing reveals the following deficiencies.

      First, Local Civil Rule 83-16.1 provides, "A petition for writ of habeas corpus or a motion filed pursuant to 28 U.S.C. § 2255 shall be submitted on the forms approved and supplied by the Court." Petitioner did not use the correct form required in the Central District of California for state prisoners.

Second, petitioner failed to name the proper respondent, which would be his immediate custodian (i.e., the prison warden at the state prison where petitioner is incarcerated). *See Rumsfeld v. Padilla*, 124 S. Ct. 2711, 2717-18 (2004). A habeas petitioner's failure to name the correct respondent destroys personal jurisdiction. *See Ortiz-Sandoval v. Gomez*, 81 F.3d 891, 894 (9th Cir. 1996); *Stanley v. California Supreme Court*, 21 F.3d 359, 360 (9th Cir. 1994).

Third, under 28 U.S.C. § 2254(a), petitioner may only seek habeas relief if he is contending that he is in custody in violation of the Constitution or laws or treaties of the United States. The crux of petitioner's pleading is that he did not receive the sentencing credits to which he was entitled under California law. Petitioner's claim involves only a matter of state law, which is not cognizable on federal habeas review. *See Lewis v. Jeffers*, 497 U.S. 764, 780 (1990) ("[F]ederal habeas corpus relief does not lie for errors of state law."); *see also Peltier v. Wright*, 15 F.3d 860, 861-62 (9th Cir. 1994) (habeas petitioner's claim of entitlement to credit toward his sentence for 60 days spent in jail was not cognizable on federal habeas review).

Accordingly, if petitioner still desires to pursue this action, he is **ORDERED** to file an amended petition on the standard form within thirty (30) days of the date of this Order. The clerk is directed to send petitioner a blank Central District § 2254 habeas petition form for this purpose.

The amended petition should reflect the same case number, be clearly labeled "First Amended Petition," and be filled out completely. Petitioner is also advised that he should specify whether he has exhausted his state court remedies for each claim.

**Petitioner is cautioned that his failure to timely file a First Amended Petition in compliance with this Order will result in a recommendation that the action be dismissed with prejudice for failure to diligently prosecute.**

///

///

If petitioner no longer wishes to pursue this action, he may use the attached form Notice of Dismissal and voluntarily dismiss this action without prejudice.

DATED: 9/21/2016

_____
ALEXANDER F. MacKINNON
UNITED STATES MAGISTRATE JUDGE

Attachments: CV-69, CV-09

3